IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Wayne Allsup, | Case No. 3:15 CV 152 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Toledo Correctional Institution, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Wayne Allsup filed this action under 42 U.S.C. § 1983 against the Toledo Correctional Institution ("ToCI"), Captain Ron Green, Lieutenant Mark Caul, Corrections Officers Ann Rodreguse and Matt Spitnal, and ToCI Medical Staff.

Allsup submitted a February 2015 Letter, substantially revising the Complaint's factual allegations (Doc. 5). Allsup also submitted supplemental Marshal Forms and Summonses for Medical Administrator Rita Godsey, "Warden Edward Sheaton," April Miller, Ronda Shoemulers, Barbra Lee, Nurse Practitioner Sherry Cochran and Physician Anita Lewis (Docs. 6–8). This Court construes the February 2015 Letter and companion forms as a Complaint amendment.

### BACKGROUND

Events in this case begin on day thirty of Allsup's thirty-day stay in ToCI's segregation unit. On day thirty, an inmate is entitled to a phone call. Allsup asked Captain Green to use the phone. Green "put me off for a week." Green's neglect of this request made Allsup angry, so Allsup kicked

his cell door. Later, Rodreguse came on duty and told Allsup to "cuff up" in preparation to use the phone. Allsup offers two different versions of what happens next:

## COMPLAINT

Under the Complaint's version of events, Rodreguse immediately sprayed Allsup with mace and started to beat Allsup with a club. Spitnal and other officers entered Allsup's cell, and Spitnal beat Allsup with a pair of handcuffs, cutting Allsup's head. Spitnal maced Allsup a second time. Corrections officers took Allsup to the ToCI medical department for treatment. ToCI medical staff denied him medical attention, including pain medication for a pinched nerve in Allsup's arm and his dislocated hip.

## LETTER

The February 2015 Letter tells a very different story. Instead of Rodreguse taking Allsup to use the phone, Rodreguse took Allsup to a "strip out cage" (or cell) near another cell which held a young African-American male. The young male told Allsup he would kill himself and produced a razor. Allsup attempted to alert corrections officers by twice kicking his cell door. A corrections officer responded but, rather than help the young male, said he did not care if the young male killed himself. The corrections officer left. So, Allsup kicked his cell door a third time, again to stave off the young male's suicide attempt by attracting attention.

Spitnal responded to this third kick, macing Allsup through the cell door. Rodreguse removed Allsup from the cell, leading Allsup to the showers to wash off the mace. While in the shower, Rodreguse slammed Allsup against the shower wall three times, cutting Allsup's head. ToCI nurses checked Allsup's vital signs and treated his head cut. Corrections officers allege Allsup had spit on Spitnal. Allsup received another thirty-day stay in segregation.

During this second thirty-day segregation stay, Allsup's parents visited ToCI and asked to see the Warden. (The February 2015 Letter does not say whether the Warden met with Allsup's parents.) Allsup visited with his family. A corrections officer later told Allsup he would be released from segregation. But Lieutenant Caul refused to let Allsup review his conduct report (or "ticket") or review camera footage of the alleged beating.

Later, a doctor at Columbus FMC Hospital told Allsup he should take "nerve medication." ToCI staff would not prescribe the nerve medication or pain medication, explaining that other inmates who received pain medication had been caught re-selling the medication to other inmates.

### STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915 (e) if it fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A complaint fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Viewed in the light most favorable to the plaintiff, a complaint must raise the right to relief above the speculative level. *See Bell Atl. Corp.*, 550 U.S. at 555. Detailed factual allegations are not required, but a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

The Complaint and February 2015 Letter cannot reasonably be read as consistent with each other. Because Allsup amended his Complaint and did not state he sought to supplement his original pleading, the February 2015 Letter supersedes the Complaint. *See Hayward v. Cleveland Clinic*

3

*Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings."). This Court therefore reviews the February 2015 Letter as the operative pleading in this case.

## DISCUSSION

Allsup's Marshal Forms and Summonses for Godsey, the Warden, Miller, Shoemulers, Lee, Cochran and Lewis are not paired with any factual allegations describing their conduct, nor does Allsup expressly assert claims against these Defendants. And while Allsup describes Green and Caul's roles in the events that give rise to this lawsuit -- Green ignored Allsup's request for a phone call, and Caul refused Allsup access to his conduct report or ToCI video surveillance -- this Court discerns no cause of action that could rest on these bare factual allegations. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Court must dismiss these Defendants. Further, this Court must dismiss ToCI, a prison owned and operated by the State of Ohio and protected from suit for money damages by the Eleventh Amendment. *Ammend v. BioPort, Inc.*, 322 F. Supp. 2d 848, 856 (W.D. Mich. 2002).

That leaves Allsup's excessive-force claim against Rodreguse and Spitnal. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Allsup need not show serious injury -- though such a showing helps to make out a claim. *See id.* at 7. And this Court must also consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks omitted).

Allsup alleges Spitnal maced him for kicking his strip-out cell door, and that Rodreguse slammed him against a shower wall three times, resulting in a cut forehead, a pinched nerve in his arm, and a dislocated hip. These facts suffice to at least allege an excessive force claim.

## CONCLUSION

Pursuant to 28 U.S.C. § 1915(e), this Court dismisses Allsup's claims against the ToCI, Green, Caul, Godsey, the Warden, Miller, Shoemulers, Lee, Cochran, and Lewis. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case shall proceed solely against Rodreguse and Spitnal on Allsup's excessive force claim. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process, and shall include a copy of this Order in the documents to be served upon the Rodreguse and Spitnal.

IT IS SO ORDERED.

                                                          s/ *Jack Zouhary*
                                                         JACK ZOUHARY
                                                         U. S. DISTRICT JUDGE

August 10, 2015